EDMOND R. NORRIS, Trustee of the TAYLOR MAN-
UFACTURING COMPANY, Respondent, v. HEN-
RY REINSTEDLER, Appellant.

**St. Louis Court of Appeals, December 3, 1901.**

1. **Warranty, Implied.**  There is no implied warranty of the quality in the sale of second-hand machinery.

2. ———: EXPRESS WARRANTY: EVIDENCE.  And in the case at bar, there was no express warranty of the machinery sold.

Appeal from St. Louis City Circuit Court.—*Hon. John O'Neill Ryan,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

A summary of the evidence is that the plaintiff, as trustee of creditors, held a lot of secondhand machinery of the Taylor Manufacturing Company, that had gone out of business.   Among this machinery was a secondhand steam pump.   One Dyer, a dealer in secondhand machinery, made inquiry of plaintiff about the pump and its condition and was told by him that it was in running order when the Taylor

Manufacturing Company shut down their business a short time previous, and that he wanted one hundred and fifty dollars for the pump, and that he would give him ten per cent commission if he would sell it. Dyer went to defendant, who wanted a steam pump to put in a steamboat he was then fixing up to make a trip to Alaska, and offered to sell him the pump. Defendant in company with the captain of his steamboat and Dyer went to plaintiff, and defendant inquired of him about the pump. Plaintiff told him that it was in good running condition when the Taylor Manufacturing Company shut down and asked him to go and see the pump. Defendant Dyer and the captain made an examination of the pump and returned to plaintiff, when defendant said to him he would take the pump. On the following day defendant had the pump removed and hauled to the river bank where his boat was. When the pump was unloaded from the wagons it was discovered that it was an old one, had been patched and one of the cylinders was badly cracked, and that it was practically worthless as a pump. On the discovery of its true condition defendant went to plaintiff, informed him of the condition of the pump and told him he would not receive it and offered to return it and place it back where he had taken it from. Plaintiff refused to take back the pump and insisted that defendant pay for it. This, defendant refused to do.

To recover the contract price of the pump the suit was begun before a justice of the peace, taken by appeal to the circuit court, where on a trial to the court sitting as a jury plaintiff recovered the contract price of the pump (one hundred and fifty dollars) with legal interest thereon. After an unsuccessful motion for a new trial defendant appealed.

*J. R. Myers* for appellant.

(1) A warranty is express when the seller makes an affirmation with respect to the article to be sold, pending the

treaty of sale, upon which it is intended that the buyer shall rely in making the purchase.   Danforth v. Crookshanks, 68 Mo. App. 311.   (2)   Appellant had a reasonable time in which to examine the machine, after he had taken possession of it, for the purpose of ascertaining whether it was as represented; and, if he found the machine not as represented, to reject it.   Calhoun v. Paule, 26 Mo. App. 274.   (3)   A sale of an article by description imports a warranty that the property sold is of that description.   Voss v. Maguire, 18 Mo. App. 477.

*Andrew M. Sullivan* for respondent.

(1)   There was no warranty of the soundness or fitness of the pump.   No particular words are necessary to constitute a warranty.   A representation or any positive affirmation as to the state, quality, condition or fitness of the things sold, which may be supposed reasonably to have entered into the consideration of the sale, showing an intention to warrant, and which was understood so and relied upon by the purchaser, will amount to a warranty.   Marry v. Smith, 4 Daly 277; Morrill v. Wallace, 9 N. H. 111; Dunham v. Barnes, 9 Allen (Mass.) 352; 28 Am. and Eng. Ency. of Law, p. 747.   (2)   The maxim of the common law, *caveat emptor,* is the general rule applicable to sales, so far as quality is concerned.   The buyer (in the absence of fraud) purchases at his own risk, unless the seller has given an express warranty, or unless a warranty be implied from the nature and circumstances of the sale.   No warranty is implied by the mere sale of goods and chattels.   10 Am. and Eng. Ency. of Law, p. 127.   "An express warranty of quality excludes an implied warranty of quality" (10 Id., p. 109), and "An express warranty of quality excludes an implied warranty that the article is reasonably fit for its intended purpose."   International

Co. v. Smith, 17 App. 264; 28 Am. and Eng. Ency. of Law, p. 741. In this case the defendant claims an express warranty, and tried his case upon that theory.

BLAND, P. J.—The learned trial judge, after reviewing the facts, concluded as follows:

"This machine, being a secondhand one, there is no implied warranty, and indeed the defendant's only contention here is that he is not liable, because there was an express warranty, which would exclude, of course, the idea of an implied warranty. I am satisfied that there was no such express warranty, and, hence, enter judgment for plaintiff for $150, the agreed purchase price, with six per cent from March 15, 1898, the date of the sale, which was to be for cash. I have marked the instructions asked by the parties and refused."

No other logical conclusion could be reached under the evidence, and the judgment is affirmed. Judges *Barclay* and *Goode* concur.