JOHNSON et al. v. ROY.

(Circuit Court of Appeals, Third Circuit. December 13, 1901.).

No. 8.

1. APPEAL—REVIEW—HARMLESS ERROR.
    A mere inaccuracy of expression by a trial judge is not a ground of reversal where the intended meaning is plain, and the inadvertence caused no injurious misunderstanding.

2. CONTRACTS—DEFENSES TO ACTION FOR BREACH—CONDUCT AS ADMISSION OF PERFORMANCE.
    Plaintiff contracted to sell to defendants the trade-marks, good will, and plant of a manufacturing business which was conducted in accordance with a secret process. She warranted that the process was a practical one, by which the goods, when made, would remain in a merchantable condition from one to two years and upwards, and that the cost of manufacture would not exceed a sum named. She also agreed to teach the process to defendants or their employés, and to remain with them until they were familiar with it. Defendants contracted to make a cash payment, and a further payment at the end of six months, or as soon as they were satisfied that they thoroughly understood the process and that the manufacture was a success, together with still other payments afterwards. *Held*, that the fact that defendants made the second payment was not a conclusive admission that the warranty had been fulfilled and the condition precedent thereto performed, which precluded them from pleading a breach of the warranty and nonperformance of the condition in defense to an action to recover subsequent payments, but that such fact was one to be considered by the jury in connection with all evidence offered by defendants which tended to sustain their defense.

In Error to the Circuit Court of the United States for the District of New Jersey.

Willard P. Voorhees, for plaintiffs in error.

Paul Fuller, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This case is before us upon a writ of error to the judgment of the circuit court for the district of New Jersey, in an action which was there brought by the defendant in error against the plaintiffs in error upon a contract in writing, whereby the former had assigned to the latter "a certain trade-mark attached to gum and surgical instruments known as the 'Kingstone Boogies and Catheters,' bearing the stamp or trade-mark 'Kingstone'; all title and interest and good will of, in, and to all business pertaining thereto of every sort and description; and the method of manufacture, together with all machinery and stock of all sorts and description now owned by the party of the first part [plaintiff below], as per her memorandum and description." It appears from the contract that the method of manufacture to which it relates was a secret one, and with respect thereto the plaintiff covenanted as follows:

"And the said party of the first part hereby guaranties that the process and method of manufacture aforesaid is a practical one, by which the goods, when made, will remain in a merchantable condition for an indefinite time,

or from one to two years and upwards; and, furthermore, that the cost of manufacture shall not exceed from $5.00 to $9.00 per gross. The said party of the first part covenants and agrees that the party of the first part shall teach the art of said manufacture to the parties of the second part, their agents or employés, as may be designated by the parties of the second part, and instruct them in said process; and the party of the first part agrees to remain with the parties of the second part until such time as they are familiar with the art, and are fully equipped to go on with the manufacture, or for a period of from two to six months, as may be determined by the parties of the second part."

The first of these covenants constituted an express warranty, not only as to the durability of the goods to be manufactured, but also of the cost of their manufacture; and by the second a condition precedent was impressed upon the plaintiff's right to receive any of the sums (other than the $1,000 cash) which in the next quoted clause of the contract the defendants agreed to pay her. This appears to have been the learned trial judge's view of these covenants, but he nevertheless held that the defendants were estopped from asserting the breach of the former, as to cost of manufacture, or the nonperformance of the latter, because the defendants had in fact made the second of the payments, which were provided for in the agreement as follows:

"In consideration of the above, the said party of the second part hereby agrees to pay to the said party of the first part the sum of one thousand dollars cash, and at the end of six months, or as soon as the parties of the second part are satisfied that the process, art, secrets, etc., are thoroughly understood by them so that they are able to manufacture thereunder, and the manufacture a success, the sum of five thousand dollars, with interest at 5 %; and a farther sum of ten thousand ($10,000) dollars to be paid, with five per cent. interest thereto, in equal yearly payments of two thousand ($2,000) dollars each until the entire sum is paid."

The use by the learned judge of the word "estopped" in this connection has been criticised and discussed at length in the argument presented on behalf of the plaintiffs in error; but upon this subject we need only say that mere inaccuracy of expression is never ground for reversal where the intended meaning is plain, and the inadvertence complained of has occasioned no injurious misunderstanding. Railway Co. v. Burr, 33 C. C. A. 557, 91 Fed. 351. In this instance, however, we are of opinion that the ruling was erroneous in substance. The defendants set up the breach of the warranty and the nonperformance of the condition precedent in defense of the action, and we cannot agree that they were precluded from maintaining that defense, either in whole or in part, by reason of their having made the payment which has been referred to. They adduced evidence tending to prove that the process was not a practical one, by which the goods, when made, would remain in a merchantable condition for an indefinite time, or from one to two years and upwards; and this evidence was rightly submitted to the jury, and with proper instructions. But they further offered to show that the cost of manufacture exceeded from $5 to $9 per gross, and that the plaintiff had not adequately instructed them or their employés in the method of manufacture; and these offers were overruled, and the subjects to which they pertained were wholly

excluded from consideration by the jury. This rejection of a substantial portion of the defendants' case was, we think, unwarranted. Unquestionably, the payment of the $5,000 was a relevant fact, but it was not a conclusive one. That sum was, under the terms of the consideration clause, payable at the end of six months, or as soon as the defendants should be satisfied of their ability to manufacture the goods successfully; and from its payment, in connection with the associated circumstances, it was, no doubt, competent for the jury, in the exercise of its judgment, to infer that the defendants had been sufficiently taught, and were satisfied with the instruction they had received. But even upon this point the payment was but evidence of an admission by conduct,—not conclusive proof; and as to the alleged breach of the warranty of maximum cost it is still more clear that it was not, as matter of law, absolutely decisive. We are therefore of opinion that the fact of payment should have been submitted to the jury for consideration with the other pertinent evidence in the case, and as the court, instead of doing this, itself disposed of the whole matter by deciding these questions adversely to the plaintiffs in error, the judgment must be reversed, and the case be remanded to the circuit court, with direction to award a new trial; and it is so ordered.