Argued 25 January, decided 20 March, 1906.

**PURITAN MANUFACTURING CO. v. WESTERMIRE.**

84 Pac. 797.

Sales — Remedies of Purchaser for Breach of Warranty.

1. Where property delivered under a contract of sale does not even substan-- tially comply with the requirements, the purchaser may rescind and refuse to receive the property offered, or return it if it has been delivered before examina- tion, and that right is not affected by a provision that no articles shall be re-- turned except for others, since such proviso implies that the contract has been at least approximately fulfilled.

Sales by Description — Implied Warranty.

2. Where goods are sold by description there is an implied warranty that the articles to be furnished shall substantially fulfill the representations made as to· their quality.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Statement by. MR. JUSTICE MOORE.

This is an action by Louis E. Lyon and Milbert F. Price, as partners doing business at Iowa City, Iowa, under the firm name of the Puritan Manufacturing Company, against Henry Westermire, to recover the agreed price of certain jewelry. The complaint alleged that on February 26, 1904, the parties entered into a written contract, incorporating a copy thereof, whereby the plaintiffs stipulated to ship and deliver to the defendant certain articles of jewelry, enumerating the several varieties thereof and the various prices therefor, amounting to $380, payable in install-ments of $95 each in three, six, nine, and twelve months respectively, if evidenced by acceptances to be given by the defendant within 10 days from the delivery of the goods, otherwise the terms were net cash in 15 days, or 6 per cent discount if paid in cash in 10 days. The con-tract contained, inter alia, the following clauses:

"Protection Against Loss. The Puritan Mfg. Co. will protect the purchaser of the within order by buying back for cash at original invoice prices, at the end of thirteen months from date of shipment, all goods remaining on merchant's hands should not the sales in that time have equaled the amount of the original purchase, provided the conditions of this agreement are carried out by the merchant as herein set forth. However, it is agreed that no goods shall be returned except for exchange for other goods as heretofore provided until the end of thirteen months. * *

"Quality of Our Goods. We desire to establish the quality of our goods, therefore guarantee them for periods ranging from five to twenty years, and to make this guar-antee good will replace any article returned to us on ac-count of defective workmanship or quality. Should any styles in this factory line prove unsalable, or should there be a greater demand for some classes mentioned than for others, we will, for one year, exchange any styles of our

manufacture for any of the above goods returned to us. Under such an arrangement the merchant is abolutely assured of getting satisfactory goods, and hereby agrees not to claim failure of consideration or goods not such as ordered, until he has exhausted the terms of the warranty and exchange, and, as can be plainly seen in the 'Protection Against Loss' clause, we are taking all the chances, the merchant therefore agrees to properly display the factory line sent him for at least 60 days and give every article a chance to sell before asking us to exchange."

Pursuant to the terms of such contract and immediately after its execution, the plaintiffs delivered the specified goods to the defendant, who failed and refused to pay any part of the stipulated purchase price thereof, whereby he became indebted to them in the sum of $380, for which judgment was demanded.

The answer denied the material allegations of the complaint, and for a further defense averred that plaintiff's agent made certain false and fraudulent representations to the defendant, respecting the quality and value of the jewelry which they offered for sale; that the defendant, relying upon such representations, ordered the specified goods, but upon their arrival he discovered that the jewelry consisted of inferior goods, cheap plated, gilded and valueless to the defendant, who thereupon returned them to the plaintiffs. As a separate and partial defense, and by way of counterclaim, it was further averred that the defendant paid $15 advance charges to return the goods and that plaintiffs had not paid any part of such sum for which judgment was demanded. The reply put in issue the allegations of new matter in the answer, whereupon the cause was tried, by stipulation of the parties, without the intervention of a jury, the court making findings of fact and of law in defendant's favor as alleged in the answer, and, having rendered judgment thereon for the sum of $15

and the costs and disbursements of the action, the plaintiffs appeal.                                        Affirmed.

For appellants there was a brief over the names of *Charles Joseph Schnabel, J. B. Ofner* and *R. P. Howell*, with an oral argument by *Mr. Schnabel.*

For respondent there was a brief over the name of *Spencer & Davis*, with an oral argument by *Mr. Schuyler Colfax Spencer.*

Mr. Justice Moore delivered the opinion of the court.

1. The agreement entered into by the parties having stipulated that no jewelry received in pursuance thereof should be returned, except for exchange for other goods, it is contended by plaintiffs' counsel that the contract itself furnishes the means of relief, and the mode thus prescribed is a condition precedent to the defendant's right to assert a breach of warranty, and that the plaintiffs never having had an opportunity to exchange any of the goods found to be unsatisfactory, the court erred in admitting, over objection and exception, testimony tending to show the defective condition of the jewelry received by the defendant and of his rescission of the contract. Plaintiffs' counsel in support of the legal principle which they assert as applicable herein, call attention to several cases holding that under a special contract for the sale of farm machinery, providing that in case of any defect therein constituting a breach of warranty, the purchaser shall give the vendor notice thereof and allow the latter reasonable opportunity to remedy the imperfection, a compliance with such terms by the purchaser is a condition precedent to the right of rescission, which can only be exercised in case the necessary repairs are not made by the vendor within a reasonable time. We do not think the rule thus announced is controlling in the case at bar. Machinery is always more or less complicated, and its efficiency depends upon the

combined action of integral parts, a radical defect in any one of which disables the whole machine. Such imperfection can be most easily remedied by a person familiar with the minute details of the instrumentality and who possesses a knowledge of their harmonious action, and as the vendor and his agents may be presumed to have had more experience than others not engaged in their line, and are more competent speedily to discover and readily to correct the faults, it is but reasonable that they should be given, as the courts uniformly hold, an opportunity to remedy the defect, before the purchaser is permitted to assert a breach of the warranty or to rescind the contract. Such rule, however, upon principle, can have no application to the failure of the vendor to deliver to the purchaser the identical machinery which the latter orders. If a farmer negotiated for the purchase of a chilled steel, iron beam plow which a vendor agreed to ship to him, it cannot be supposed that the delivery of a wooden beam, cast iron, moldboard plow would comply with the terms of the contract, so as to prevent the purchaser from returning the article received. Contracts for the sale of machinery upon the terms indicated imply a substantial compliance with the agreement of purchase.

It will be remembered that the contract entered into by the parties hereto authorized the defendant, after the expiration of 60 days from the receipt of the jewelry, to return any article thereof on account of defective workmanship or quality, and to receive in exchange therefor other goods. This stipulation assumes that the goods to be delivered would substantially comply with the terms of the contract of sale, but that if a few articles should be found to be defective in the particulars specified, they might be exchanged after displaying them for at least 60 days. If, with a few exceptions, the jewelry received had corre-

sponded with specifications thereof as to quality, the terms of the contract in respect to the exchange of the small number of excepted articles would probably have been the mode necessary to be pursued to correct a mistake made by the vendors in selecting the goods. The court found, however, that the plaintiffs did not deliver to the defendant any of the goods, wares or merchandise embraced in their agreement. The findings specify the particulars wherein the jewelry delivered to the defendant entirely failed to correspond with the goods which he ordered, the details of which it is not deemed essential to enumerate.

2. The jewelry having been sold by description, there was an implied condition that the articles delivered should substantially correspond in their entirety to the representations of the vendor made in respect to their quality : *Morse* v. *Union Stock Yards Co.*, 21 Or. 289 (28 Pac. 2, 14 L. R. A. 157); *Wadhams* v. *Balfour*, 32 Or. 313 (51 Pac. 642); *Lenz* v. *Blake*, 44 Or. 569 (76 Pac. 356).

There being an entire failure in this respect, as the court found, the defendant was at liberty to treat the contract as rescinded by returning the goods, and, having done so, the judgment is affirmed.                    Affirmed.