## J. I. CASE THRESHING MACHINE COMPANY, a Corporation, v. OSCAR N. E. ERICKSON and Elna Erickson.

(131 N. W. 269.)

**Sales — Exclusion of Implied Warranty — Fraud — Evidence.**

Action to foreclose a chattel mortgage given to secure the payment of certain promissory notes representing the purchase price of a second-hand threshing engine, separator, and other attachments, and also certain new machinery. The defense interposed is that of fraud and false representations on the part of the plaintiff's agent in soliciting the order for such machinery, also breach of warranty; and defendants seek to recover, by way of counterclaim, damages as a result of such alleged false representations and breach of warranty in attempting to operate said machinery, and also for freight paid by them thereon.

The written order for the second-hand machinery, which was signed by defendants, contains the following express stipulations: "It is fully understood and agreed that said machinery is purchased as second-hand, and is not warranted." Also, "No representation made by any person as an inducement to give and execute this order shall bind the company."

The evidence relating to the defense and counterclaim is conflicting.

*Held*, for reasons stated in the opinion, that the findings and conclusions of the trial court in plaintiff's favor should not be disturbed.

Opinion filed May 18, 1911.

Appeal from District Court, Burleigh county, *W. H. Winchester, J.*

Action in foreclosure. From a judgment in plaintiff's favor, defendants appeal.

Affirmed.

*T. R. Mockler,* for appellants.

Parol evidence is admissible to show fraud as the inducement to a written contract. Griffith v. Strand, 19 Wash. 686, 54 Pac. 613; Gross v. Drager, 66 Wis. 150, 28 N. W. 141; 14 Am. & Eng. Enc. Law, pp. 199, 200, and cases cited; Aultman & T. Co. v. Finck, 36 Neb. 680, 54 N. W. 989; Bowers v. Thomas, 62 Wis. 480, 22 N. W. 710; Story v. Gammell, 68 Neb. 709, 94 N. W. 982; Woodbridge Bros. v. DeWitt, 51 Neb. 98, 70 N. W. 506.

Defendants should have recovered on their counterclaim, for damages based on fraud. Van Wilkle v. Wilkins, 81 Ga. 93, 12 Am. St. Rep. 300, 7 S. E. 644, 20 Cyc. Law & Proc. p. 136, and cases cited; 8 Am. & Eng. Enc. Law, p. 819; Herfort v. Cramer, 7 Colo. 483, 4 Pac. 896; Moberly v. Alexander, 19 Iowa, 162; Massachusetts Loan & T. Co. v. Welch, 47 Minn. 183, 49 N. W. 740; Johnson v. St. Louis Butchers' Supply Co. 60 Ark. 387, 30 S. W. 429.

Principal is liable for fraud, deceits, misrepresentations and omissions of his agent, although he did not participate in, know of, or sanction the misconduct. Fifth Avenue Bank v. Forty-second Street & G. Street Ferry Co. 137 N. Y. 231, 33 Am. St. Rep. 712, 33 N. E. 378; Jarvis v. Manhatten Beach Co. 148 N. Y. 652, 31 L.R.A. 776, 51 Am. St. Rep. 727, 43 N. E. 68.

Discharge of principal is discharge of surety. Ames v. Maclay, 14 Iowa, 281.

*H. R. Turner* and *M. W. Murphy,* for respondent.

Offer of rescission must be made promptly and consideration returned or tendered. Lovell v. McCaughey, 8 S. D. 471, 66 N. W. 1085; Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145.

Proof of fraud must be clear and convincing. Kvello v. Taylor, 5 N. D. 76, 63 N. W. 889; Heyrock v. Surerus, 9 N. D. 28, 81 N. W. 36.

Misrepresentation must relate to material matter constituting the inducement to contract, of which the injured party had no means of

knowledge, and upon which he relied to his injury. Slaughter v. Ger-son, 13 Wall. 379, 20 L. ed. 627; Smith v. Richards, 13 Pet. 26, 10 L. ed. 42; Powell v. Adams, 98 Mo. 598, 12 S. W. 295.

Equity will not relieve from inattention and carelessness in relying upon the representation of another instead of his own judgment, when the means of information are alike to both parties. Gammill v. John-son, 47 Ark. 335, 1 S. W. 610; Walsh v. Hall, 66 N. C. 233; Ander-son v. Rainey, 100 N. C. 328, 5 S. E. 182; Chrysler v. Canaday, 90 N. Y. 272, 43 Am. Rep. 166.

Must elect promptly to acquiesce or repudiate. Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026; Annis v. Burnham, 15 N. D. 577, 108 N. W. 549.

Where no artifice is used to prevent reading, one is bound by what he signs. N. D. Rev. Codes 1908, §§ 5333–5343; Alsterberg v. Ben-nett, 14 N. D. 596, 106 N. W. 49; Anderson v. Matheny, 17 S. D. 225, 95 N. W. 911; Schmitz v. Hawkeye Gold Min. Co. 8 S. D. 544, 67 N. W. 618.

Fisk, J. This is an appeal from a judgment of the district court of Burleigh county, and comes here for trial *de novo*.

The action was brought to foreclose a chattel mortgage executed and delivered by defendants to plaintiff on April 4, 1906, to secure the payment of the sum of $1,998.75, according to the terms of four promissory notes also executed and delivered at the date of such mort-gage by defendants to plaintiff, and representing the purchase price of a certain separator, engine, stacker, weigher, and other attachments; also a new steel tank and plowing attachment.

The complaint is in the usual form, no question as to its sufficiency being raised. The answer contains a qualified general denial, but admits the execution and delivery of the notes and mortgage, as alleged in the complaint. The answer then alleges the purchase of such prop-erty by the defendant Elna Erickson, giving her notes as aforesaid in payment for such machinery, and that her codefendant executed such notes merely as surety. Such answer then alleges that Elna Erickson was of Swedish nationality, and unfamiliar with the English language, and that she was induced to purchase such machinery and execute the notes and mortgage aforesaid upon the false and fraudulent representa-tion of plaintiff's agent that the engine and separator had been used

but a short time, when, in truth and in fact, such agent well knew that the same had been used six years. She also alleges that said machinery was warranted to do good work and to be in first-class condition, but that in truth and in fact it was practically worthless, such engine and separator not exceeding in value the sum of three or four hundred dollars, and that she would not have executed such notes and mortgage had she known of the falsity of such representations. Such answer also contains a counterclaim for damages suffered by her on account of such false representations and for money paid out as freight on such property to her damage in the sum of $4,000.

To such counterclaim a reply consisting of a general denial was interposed.

The issues thus framed were tried in the district court without a jury, and at the conclusion of the trial, that court made its findings of fact and conclusions of law in all things favorable to the plaintiff, and judgment was entered pursuant thereto.

The testimony is quite voluminous, and we shall not attempt in this opinion to review the same in detail. Suffice it to say that, after a careful consideration of the entire record before us, we are agreed that the findings and conclusions of the trial court are in the main correct, and should not be disturbed.

It clearly appears that the sole authority of the agent with whom defendants had their negotiations at the time they signed the orders for the machinery was that merely of soliciting orders on plaintiff's blanks and forwarding the same to plaintiff for approval. The engine, separator, and attachments were second-hand machinery, and ordered and sold as such, and in the order for this machinery there is an express stipulation as follows: "As a condition thereof it is fully understood and agreed that said machinery is purchased as second-hand, and is not warranted." It is also therein stipulated that "no representation made by any person as an inducement to give and execute this order shall bind the company." And also, "Acceptance by purchaser is a full waiver of all claims arising from any cause." Defendants voluntarily signed said order and must, as against the plaintiff, be deemed to have knowledge of the foregoing stipulation. On a separate blank, defendants at the same time ordered from plaintiff certain new machinery, and such order contains a warranty, but no claim is made that such new machinery did not fully comply with the warranty. Pri-

or to the time defendants executed and delivered the notes and mortgage described in the complaint, they had a full opportunity to examine the machinery, and we think the testimony fairly discloses that they, in fact, did so. Thereafter the same was unloaded and removed to defendant's farm, where it was used off and on for about a year. The engine and separator proved to be somewhat of a disappointment, to defendants, and they had considerable trouble in operating the same, but no offer or attempt was ever made by them to rescind the contract. But sometime after the engine had been tried they caused a letter to be written to the plaintiff, in which, among other things, it was stated, "The engine is not as good as the description you gave of it. It has been used more than sixty days. We will keep it if you will sell it cheaper." But so far as the record discloses the plaintiff company took no notice of such letter. The purchase price of the second-hand outfit, as appears from the order, was $1,651.75, and defendants admit that they sold the engine to Reeves & Company for $1,315. In the light of this admission defendants' contention, under their counterclaim, does not appeal to us with favor. They still retain the other machinery, and after using it all, including the engine, during one season, they are in a court of equity praying for large damages on account of alleged misrepresentations of plaintiff's agent. The testimony regarding the fraud complained of is conflicting, and in no manner conclusive in defandants' favor. Fraud is never presumed, and the burden to establish the same is upon the party alleging it. The trial court saw and heard the witnesses give their testimony, and that court is in a better position than this court to determine both the credibility of the witnesses and the weight of their testimony; and, while in cases of this kind the findings of the trial court are in no manner binding on this court, we are agreed, in the light of all the facts disclosed by the record, that the conclusions of that court are just and equitable, and the judgment is accordingly affirmed.

MORGAN, Ch. J., not participating.