Argued October 15, affirmed November 16, 1915.

## BOUCHET *v.* OREGON MOTOR CAR CO.*

(152 Pac. 888.)

**Evidence—Parol Evidence—Writing not Embodying Entire Agreement.**

1. Plaintiff purchased a second-hand automobile for his grocery business, which defendant represented had been repaired and to be in good condition, and, at the conclusion of the sale, and on request for a receipt, was given a blank sale form, which he signed, and which provided that there were no agreements or representations not expressed therein, but which was not filled out as though intended to be a contract between the parties, and which referred to "the goods hereby ordered," and stated, "This order is not binding upon you [Oregon Motor Car Company] until accepted in writing signed· by ——," and which contained nothing bearing on the transaction, except the words "One Maxwell, $400.00," and "Deposit, $400.00." At the trial the president of defendant company and its witnesses testified to certain representations, none of which were found in the writing. *Held*, that plaintiff might show by parol evidence the circumstances of the contract of sale, the defendant's representations, the kind of machine intended to be purchased, and defendant's warranty, since for a writing to be within the parol evidence rule it must be the final repository of the entire agreement.

[As to parol evidence to show warranty outside of contract, see note in 5 Am. St. Rep. 197.]

**Sales—Special Use—Implied Warranty.**

2. Where a second-hand automobile was sold as fit for the purchaser's stated purpose of using it in his grocery business, there was an implied warranty that it was reasonably suitable for that purpose.

From Multnomah: HENRY E. McGINN, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

1. This is an action by Leo Bouchet against the Oregon Motor Car Company, a corporation, for damages for misrepresentations in the sale of a second-hand "1910 model G, 4-cylinder Maxwell automobile." The action was tried before a jury. A verdict was ren-

---

*As to exceptions to parol evidence rule, see note in 17 **L. R. A.** 272.

On implied warranty of fitness of property bought for special purpose, see notes in 22 **L. R. A.** 187; 15 **L. R. A.** (N. S.) 868; 31 **L. R. A.** (N. S.) 783; 34 **L. R. A.** (N. S.) 737.

On warranty upon sale of second-hand article, see note in **L. R. A.** 1915B, 477.                                             REPORTER.

dered in favor of plaintiff for $450.   From a judgment thereon, defendant appeals.

Plaintiff alleged, in substance, that on September 16, 1913, the defendant falsely and knowingly represented to plaintiff that the automobile was of the value of $400, in first-class repair, and in good condition to be operated; that the gearings, bushings, brake gearing pinion, tires, engine and magneto were all in excellent condition, when, in fact, they were worn out; that the machine was useless, and worth no more than $50, which defendant knew; that plaintiff believed and relied upon the statements, and purchased the car to use in his grocery business, as he informed defendant; that he was immediately compelled to have all of said parts replaced and the automobile repaired and overhauled at an expense of $250, and was thereby caused a loss of time and damaged in the sum of $200; that the machine, after being repaired, was worth no more than $200—all to his damage in the sum of $650.

By its answer the defendant denied any false representations or damages in the premises, and averred, in substance, that it informed plaintiff that on August 19, 1913, the automobile had been taken at $420, in exchange for a new car from a person who stated that the rear end of the machine had just been overhauled, and that it was in good repair; that the defendant did not know its condition other than as so represented; that in purchasing the machine plaintiff relied upon his own judgment and that of a man who was with him for the purpose of examining the same and advising him.   Defendant further alleged that a written contract for the sale of the car was entered into by the parties, a copy of which was attached to the answer as an exhibit.

The reply put in issue the affirmative matter of the answer, except that plaintiff asserted, in effect, that the alleged contract of sale was, as represented by defendant, a receipt for $400 executed by the parties upon a blank form. The evidence tended to support the complaint and to show that the car was in bad condition, "poor junk," and not fit for use. Plaintiff testified in part that he told defendant he desired the car to use in delivering groceries, and said:

"We talked this Maxwell car over. Let's see, now; yes; we looked the Maxwell over and cranked the engine, and we started the engine. Not only that, but he [Mr. Winchell, president of the company] said, 'I put $60 worth of new gears in the back of that machine.' I had no way of telling whether he put the gears in there or not. He says, 'I will call my foreman down, and I will tell you exactly what he did with that machine.' He rang the bell, and the foreman came down, and he says, 'Yes; I put the new gears in there, and, besides, we put two new axles in there'; and they recommended the machine. * * He said, 'If you are not satisfied with that machine in every way, I will give you your money back.' "    AFFIRMED.

For appellant there was a brief over the names of *Mr. F. E. Grigsby, Mr. William C. Bristol* and *Mr. Robert Tucker,* with an oral argument by *Mr. Grigsby.*

For respondent there was a brief over the name of *Messrs. Wilson, Neal & Rossman,* with an oral argument by *Mr. George Rossman.*

MR. JUSTICE BEAN delivered the opinion of the court.

The document signed at the time of the sale to plaintiff in so far as deemed necessary to note was as follows:

"No. ——                     Date, Sept. 16/13.
                   "Town, Portland.   State, Ore.
   "Duplicate Studebaker Retail Sales Order.
   "Instructions:   *   *
"To Oregon Motor Car Co.   [Dealer or Branch.]
   "Please enter my order for one Maxwell automobile model, * * with standard equipment, except as otherwise specified herein, to be delivered on or about Sept. 16, 1913, or prior thereto at your option.   In case the automobile is not ready for delivery as specified, the deposit shall be returned to the undersigned.   [Here follows the blank form as to the title remaining with the seller until payment in full and a stipulation not to assign the order.]   There are no understandings, agreements, or representations, expressed or implied, not specified herein, respecting the goods hereby ordered.   The N. A. A. M. standard warranty, under which this car is manufactured, is printed on the back of this agreement.   This order is not binding upon you until accepted in writing, signed by ——. (The defendant relies upon this latter clause.)

Price of automobile, standard equipment.... $.....
Extra equipment at following prices........ $.....
One Maxwell............................... $400.00
Freight .................................. $.....
       Total ............................. $400.00
Deposit .................................. $400.00
Balance to be paid to dealer or branch upon delivery of car............................. $.....
                 "Leo Bouchet.   [Purchaser.]
                   "760 Alberta St., Portland.
   "Accepted: Oregon Motor Car Co.   191—
                   "By E. R. Winchell."

On the back of the order is the following:

          "N. A. A. M. Standard Warranty
             "Adopted May 4th, 1910.

   "We warrant the motor vehicles manufactured by us for ninety days after the date of shipment, this warranty being limited to the furnishing at our factory

of such parts of the motor vehicle as shall, under normal use and service, appear to us to have been defective in material or workmanship.

"This warranty is limited to the shipment to the purchaser, without charge, except for transportation, of the part or parts intended to replace the part or parts claimed to have been defective, and which, upon their return to us at our factory for inspection, we shall have determined were defective, and provided the transportation charges for the parts so returned have been prepaid.

"We make no warranty in respect of tires or rims.

"The condition of this warranty is such that if the motor vehicle to which it applies is altered, or repaired outside of our factory, our liability under this warranty shall cease.

"The purchaser understands and agrees that no warranty of the motor vehicle is made or authorized to be made by the company, other than herein set forth."

1. Upon the trial, over the objections of defendant, plaintiff was permitted to testify as to the statements and representations made by the former at the time of the sale of the car. Defendant's counsel saved exceptions to the introduction of oral evidence upon the ground that it was an attempt to vary the terms of a written contract. In explaining plaintiff testified that when he paid the defendant $400 for the car he asked for a receipt, and Mr. Winchell said, "I will write it on one of our regular forms," that he did so, and both signed it.

There is nothing in the paper bearing upon the transaction except the words "One Maxwell, $400.00," and "Deposit, $400.00." The answer of the defendant set forth the representations which it claims were made to plaintiff at the time of the sale, and upon the trial the president of the company and its witnesses testified to certain representations which they claim were made,

none of which are found or referred to in the written memorandum. The instrument itself does not appear to be a statement of the entire transaction between plaintiff and defendant. It is not a bill of sale. Bouchet was not ordering a new or any kind of a car. The trade had already been made and the price paid when the paper was signed. Attempt to apply the restriction in the clause relied upon by defendant, and we find that it refers to "the goods hereby ordered"; yet none were ordered. The following also appears:

"This order is not binding upon you [Oregon Motor Car Company] until accepted in writing signed by ——."

By whom the same should be accepted or signed is not manifest. In other words, the blank form was not filled out as though intended to be used or relied upon as a contract between the parties. Plaintiff insists that the clause referred to was no part of the contract. The defendant asserts that the warranty printed upon the back of the order does not apply to the automobile in question; yet this is referred to in the same paragraph with the restriction which defendant would apply. If a part of the printed form should be considered, we see no reason why the whole should not be given effect. We are inclined to the belief that both parties are right in these contentions, and that all the printed form should be rejected, as it appears the parties intended.

Under all the conditions, it was proper for the plaintiff to show by parol evidence the circumstances of the contract of sale, what representations the defendant made, what kind of an automobile was intended to be purchased, and that the defendant warranted the car: *Ganson* v. *Madigan,* 15 Wis. 144 (82 Am. Dec.

659) ; *Smith* v. *Vose Piano Co.,* 194 Mass. 193 (80 N. E. 527, 120 Am. St. Rep. 539, 9 L. R. A. (N. S.) 966); *Hannah* v. *Shirley,* 7 Or. 115; *Randall* v. *Fay,* 158 Mich. 630 (123 N. W. 574).

In order for a writing to be protected by the parol evidence rule, it must be the final repository of the agreement. There must be an integration of the entire agreement into the writing; a writing drawn up for some other purpose than a final and complete repository of the agreement is not the subject of the parol evidence rule: Wigmore on Evidence, §§ 2429, 2430; *Cook* v. *Darling,* 160 Mich. 475 (125 N. W. 411).

Jones on the Construction of Contracts, Section 134, states:

"The test of the completeness of the writing, proposed as a contract, is the writing itself. If this bears evidence of careful preparation of a deliberate regard for the many questions which would naturally arise out of the subject matter of the contract, and if it is reasonable to conclude from it that the parties have therein expressed their final intentions in regard to the matters within the scope of the writing, then it will be deemed a complete and unalterable exposition of such intentions. If, on the other hand, the writing shows its informality on its face, there will be no presumption that it contains all the terms of the contract. In every case, therefore, the writing must be critically examined in the light of its surrounding circumstances, with a view of determining whether it is a memorial of the transaction."

2. It appears that this car was sold as fit for a special purpose known to the defendant company. There is therefore an implied warranty that the car was reasonably suitable for the purpose for which it was sold: *Gold Ridge Min. Co.* v. *Tallmadge,* 44 Or. 34 (74 Pac. 325, 102 Am. St. Rep. 602); *Puritan Mfg.*

*Co.* v. *Westermire,* 47 Or. 557 (84 Pac. 797); *Little* v. *Van Syckle,* 115 Mich. 480 (73 N. W. 554).

Error is assigned as to the instructions given to the jury. They involve much the same principles as the rulings upon the evidence. The trial court charged the jury in part as follows:

"If you find that the parties stood upon an equality of footing, and that the defendant did not commit any fraud or falsely represent a material fact, or that the plaintiff was not able by the exercise of reasonable caution and vigilance to detect its falsity, and the statements of defendant were expressions of opinion as to value, then your verdict shall be for the defendant. * * Where a thing is peculiarly within the knowledge of one making a representation, and the one to whom the representation is made does not stand on an equal footing with the one making the representation, or does not have the same extent of knowledge upon the subject, he may rely upon the statements or representations made to him by the one having superior knowledge, but the law still insists that one must be cautious or vigilant in protecting himself and in looking for his own interest, and must not rely too much upon what others say or represent to him."

The instructions, as a whole, fully explained and properly submitted the questions at issue to the jury.

We find no error in the record; therefore the judgment of the lower court is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE HARRIS concur.