Argued September 29, reversed November 14, costs taxed December 12, 1922.

## DURBIN *v.* DENHAM.

(210 Pac. 165.)

**Sales—Farmer Selling Second-hand Machinery to Other Farmer Held not to have Impliedly Warranted Quality.**

1. On sale of second-hand farm machinery by one farmer to another prior to enactment of the Uniform Sales Law (Section 8178, Or. L.), relating to implied warranties; there was no implied warranty as to quality.

**Sales—Buyer by Execution of Note Held not to have Waived Right to Damages for Breach of Warranty.**

2. Buyer did not by executing a note for purchase price with knowledge of breach of warranty waive right to recover damages for breach thereof.

**Appeal and Error—Verdict not Reversed as Excessive Where There was Some Competent Evidence to Warrant It.**

3. Where there was some competent evidence before the jury authorizing it to return the verdict, the verdict will not be held excessive on appeal, the question having been one for the jury.

From Marion: Percy R. Kelly, Judge.

Department 2.

In October, 1918, the defendant, W. Jay Denham, purchased from Fred W. Durbin, plaintiff, one 8–16 Mogul tractor, for which he agreed to pay the sum of $900, and, pursuant to agreement, delivered to plaintiff a gasoline engine of the agreed value of

---

1. On the question of warranty upon sale of second-hand article, see note in L. R. A. 1915B, 476.

$300, to apply on the purchase price thereof. At plaintiff's request, he also paid to one Charles Ar-. cherd the sum of $100, which amount was applied on the purchase price of the tractor, and executed and delivered to plaintiff in payment of the balance two certain promissory notes in the amount of $100 and $400 respectively. Thereafter the one hundred dollar note was paid to plaintiff, and on January 20, 1920, another note was made by defendant in favor of the plaintiff, in lieu of the four hundred dollar note made and delivered to him at the time of the sale. This note not having been paid, the plaintiff institutes action to enforce collection. The defendant, answering, avers that the farm tractor sold to him was warranted to be in good running order and suitable for the purpose for which it was purchased —for "doing general farm work," and demands damages. The jury returned a verdict in favor of the defendant in the sum of $417, and from the judgment entered in the court below the plaintiff appeals.

Plaintiff asserts error because of the court's instruction to the jury that—

"The law implies a warranty upon the sale of an article where it is intended for a particular use and its intended use is known by the seller, that the article is reasonably fit, proper and suitable for the use for which the purchaser purchased it";

by reason of the defendant's waiver of the warranty, if any was given; and because of excessive damages awarded.	REVERSED.

For appellant there was a brief over the names of *Mr. Robin D. Day* and *Messrs. Smith & Shields,* with oral arguments by *Mr. Day* and *Mr. Roy F. Shields.*

For respondent there was a brief and oral argument by *Mr. Walter C. Winslow.*

BROWN, J.—The promissory note, the basis of this action, was given by one farmer to another as a part of the purchase price of a second-hand tractor. The action was defended upon the ground that the warranty of the tractor was breached, and the defendant set up a counterclaim for damages by reason thereof.

The most serious question in the case involves the instruction of the court set forth in the statement.

1. It is a well-established rule of law that there is no implied warranty as to quality in the sale of second-hand machinery.

"In the sale of second-hand chattels, there is ordinarily no implied warranty of quality, or that they are fit for the purpose for which they were made." 15 Am. & Eng. Ency. of Law (2 ed.), 1240.

"It is the general rule that there is no implied warranty as to the condition, adaptation, or suitability for the purpose for which made or the quality of an article sold as and for a second-hand article. There may, however, be an express warranty of an article though sold as and for a second-hand one." 24 R. C. L., p. 170, § 444.

The following excerpt has frequently been cited with approval by the courts:

"On a sale of machinery there is in general an implied warranty that the machine is reasonably adapted to the purpose for which it is purchased. No such warranty is implied, however, on the sale of a second-hand machine." 35 Cyc. 408. Citing *Ramming* v. *Caldwell*, 43 Ill. App. 175; *Norris* v. *Reinstedler*, 90 Mo. App. 626; *Joy* v. *National Exch. Bank*, 32 Tex. Civ. App. 398 (74 S. W. 325).

To like effect are *Bayer* v. *Winton Motor Co.,* 194 Mich. 222 (160 N. W. 642, 644); *Johnson* v. *Carden,* 187 Ala. 142 (65 South. 813); *J. I. Case Threshing Mach. Co.* v. *Erickson,* 21 N. D. 478 (131 N. W. 269); *Perine Machinery Co.* v. *Buck,* 90 Wash. 344 (156 Pac. 20, 22, Ann. Cas. 1917C, 341); *Lamb* v. *Otto,* 51 Cal. App. 433 (197 Pac. 147, 148).

"According to the principles of decided cases, and upon clear grounds of justice, the fundamental inquiry must always be whether, under the circumstances of the particular case, the buyer had the right to rely and necessarily relied on the judgment of the seller and not upon his own. In ordinary sales the buyer has an opportunity of inspecting the article sold; and the seller not being the maker, and therefore having no special or technical knowledge of the mode in which it was made, the parties stand upon grounds of substantial equality. If there be, in fact, in the particular case, any equality, it is such that the law cannot or ought not to attempt to provide against; consequently, the buyer in such cases—the seller giving no express warranty and making no representations tending to mislead—is holden to have purchased entirely on his own judgment." *Kellogg Bridge Co.* v. *Hamilton,* 110 U. S. 108, 116 (28 L. Ed. 86, 3 Sup. Ct. Rep. 537, 542, see, also, Rose's U. S. Notes).

The Uniform Sales Law, designated Chapter 91, General Laws of Oregon, 1919 (§ 8178, Or. L.), provides, at Section 15 thereof, that—

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

Under the provisions of the foregoing section, it will be observed that an important change has been made, which puts the seller who is not the manufacturer or grower or dealer in the position which was formerly held by the grower or manufacturer, in reference to an implied warranty: *Luria Bros. & Co.* v. *Klaff,* 139 Md. 586 (115 Atl. 849).

In the case at bar, the sale was made prior to the enactment of the Uniform Sales Law.

The defendant invokes the holding of this court in the case of *Bouchet* v. *Oregon Motor Car Co.,* 78 Or. 230 (152 Pac. 888), as authority for giving the above instruction to the jury. We have carefully read the complaint in the Bouchet case. This was not an action on warranty, either express or implied, but was based upon the alleged deceit of the defendant by reason of its fraudulent misrepresentations made in reference to the quality of the car. It should also be borne in mind in applying the decision of the court, that the defendant in that case was a dealer in motor vehicles and that he sold to the plaintiff a car that he asserted had been practically rebuilt: *Thresher Co.* v. *Whaley,* 13 Sask. L. 239. In the Bouchet case the court said:

"It appears that this car was *sold* as fit for a special purpose * * ."

This decision was based upon the holding of this court in *Gold Ridge Mining Co.* v. *Tallmadge,* 44 Or. 34, 35 (74 Pac. 325, 102 Am. St. Rep. 602), where it was said:

"The agreement of the defendant in this case to deliver second water to and at plaintiff's placer mines on Thorn Gulch by such means as he might adopt implied that when the water was delivered, if second water, it would be reasonably fit and suitable, as second water, for placer mining purposes,

the purposes for which it was contemplated by the parties that the water should be used by plaintiff."

and upon the case of *Puritan Mfg. Co.* v. *Westermire,* 47 Or. 557 (84 Pac. 797), wherein it was held that where jewelry was sold by description, there is an implied warranty that the articles to be furnished shall substantially fulfill representations as to quality.

The court, in its opinion in the Bouchet case, did not announce, nor did it intend to announce, a rule declaring that when a farmer sells to another farmer a piece of second-hand machinery it is accompanied with an implied warranty as to quality.

Competent testimony was offered and received upon the trial of this cause in the court below and the jury properly instructed in support of the express warranty alleged in the defendant's answer. But the foregoing instruction objected to has no application to the facts as disclosed by the record, and by reason of giving the same the able trial judge erred. The subject of warranty, express and implied, has frequently been before this court. However, we have not referred to these cases extensively, "for no case exactly resembles another, and slight differences of facts may be of great importance."

2. We cannot follow counsel in their claim that by the defendant's execution of the note sued upon he waived the averred warranty, for

"the retention of the goods and payment of the purchase price * * with knowledge of breach of warranty did not, as a matter of law, bar action for the breach—the question of waiver being, at the most, one of fact: Mechem on Sales, 1836, 24 R. C. L. 515, 35 Cyc. 433. Upon the subject of waiver generally, see Williston on Sales, § 488, pp. 850–853." *Herbrand Co.* v. *Lackawanna Steel Co.,* 280 Fed. 11, 15.

The weight of authority sustains this rule.

From an article on Sales, by Roger W. Cooley, in 35 Cyc. 433, 434, we carve:

"In some jurisdictions, payment of the purchase price, or the giving of a note therefor with knowledge of defects constituting a breach of the warranty is regarded as a waiver of the breach, and even a promise to pay has been given a like effect, especially when accompanied by an extension of time; but according to the weight of authority, payment, part payment, or the giving of notes for the purchase price, is not a waiver of a breach of warranty unless an intent to waive such breach is proven, especially if made without knowledge of the defects, or if the purchaser is induced by the promise of the seller to remedy the defects."

In 24 R. C. L., at Section 515, we read:

"According to the better view, the fact that the buyer pays the price after notice of defects in the goods constituting a breach of the seller's warranty does not constitute a waiver of the breach so as to preclude him from maintaining an action therefor." Citing in support thereof, *McDonough* v. *Williams,* 77 Ark. 261 (92 S. W. 783, 7 Ann. Cas. 276, 8 L. R. A. (N. S.) 452); *Helwig* v. *Laschowski,* 82 Mich. 619 (46 N. W. 1033, 10 L. R. A. 378); *Northwestern Cordage Co.* v. *Rice,* 5 N. D. 432 (67 N. W. 298, 57 Am. St. Rep. 563; note, 1 L. R. A. 339).

To the same effect see *Aultman* v. *Wheeler,* 49 Iowa, 647, 649; *Taylor* v. *Cole,* 111 Mass. 363, 365; *Gilmore* v. *Williams,* 162 Mass. 351, 352 (38 N. E. 976); *Osborne* v. *Marks,* 33 Minn. 56, 60 (22 N. W. 1); *Park* v. *Richardson,* 81 Wis. 399, 403 (51 N. W. 572); *Johnson* v. *Roy,* 112 Fed. 256, 257 (50 C. C. A. 237).

If the defendant did waive the express warranty averred, the record shows some competent testimony

to the effect that it was renewed at the time of the making of the second note in the sum of $400.

It is asserted that the damages, as assessed by the jury, are excessive. This was a question for the jury. There was some competent evidence before the jury that authorized it to return the verdict.

3. Plaintiff asserts that there was "no evidence of the value of the tractor at the time it was offered by the defendant." There was no direct evidence as to its value, but there were many circumstances testified to from which the jury could infer the value of the tractor, or its lack of value.

For the reasons herein set forth, this case is reversed.                         REVERSED. COSTS TAXED.

BURNETT, C. J., and BEAN and HARRIS, JJ., concur.