Argued May 29, reversed and remanded August 20,
reconsideration denied September 25,
petition for review denied October 16, 1979

THOMPSON,
*Appellant,*
*v.*
INDUSTRIAL LUMBER CO., et al,
*Respondents.*
(No. A76-09-13678, CA 10823)
599 P2d 468

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

William H. Stockton, Hillsboro, argued the cause for respondents. On the brief was Larry A. Brisbee, Hillsboro.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Plaintiff brought this action for damages for breach of an oral contract of employment. At the close of plaintiff's case, defendants moved for judgments of involuntary non-suit on the ground that the agreement was void under the statute of frauds, ORS 41.580(1).[1] The motions were allowed and judgment was entered for defendants. Plaintiff appeals.

■ When reviewing the allowance of an involuntary non-suit, we view the facts in the light most favorable to plaintiff, as the trial court must do in passing on the motion in the first instance. *James v. Carnation Co.*, 278 Or 65, 562 P2d 1192 (1976). No weighing of the evidence or determination of credibility is appropriate.

■ ■ The evidence showed that the agreement was for a "year-to-year deal" but contained a provision that either party could terminate it 90 days after the plaintiff began his performance. Defendants, citing 72 Am Jur 2d 600-601,[2] assert that that type of agreement should be characterized as a one-year contract with a provision for excused non-performance. Whatever might be the more "logical" rule, the Oregon law is to the contrary. A contract which by its terms may rightfully be terminated by a party within a year from

---

[1] ORS 41.580(1):

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"(1) An agreement that by its terms is not to be performed within a year from the making."

[2] The rule suggested in 72 Am Jur 2d 600-601 is that

"When *** an employment contract stipulates for the performance of services under it for more than a year, it is within the infra annum provision of the statute, and must be in writing, although it contains a provision for the termination of the contract at any time within the year, upon the giving of a prescribed notice. If such contract should be terminated within the year, the result would not be an alternative form of performance, but excusable nonperformance."

[521]

its beginning is not within the statute. *Frontier Ins. v. Hartford Fire Ins.*, 262 Or 470, 482, 499 P2d 1302 (1972). Therefore the trial court erred in granting the motions for involuntary non-suit.

Reversed and remanded.