Argued and submitted April 16, affirmed September 29,
reconsideration denied November 13, 1980,
petition for review denied January 15, 1981 (290 Or 302)

PERCIVAL,
*Appellant,*
*v.*
COREY, et al,
*Respondents,*
JACOBSEN-RIFFLE, INC., et al,
*Defendants.*

(No. 93936, CA 15372)

617 P2d 310

Keith D. Evans, Salem, argued the cause and filed the briefs for appellant.

Malcolm L. Brand, Salem, argued the cause for respondent. With him on the brief was Rhoten, Rhoten & Speerstra, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

This action was brought by plaintiff for breach of an oral contract to build a commercial building. Trial was held without a jury. At the conclusion of plaintiff's case, all defendants made motions for involuntary nonsuit. The trial court granted the motions of defendants Jacobsen-Riffle, Inc., Jacobsen, Riffle and Hubert on the ground that there was insufficient evidence that defendants acted as agents of defendants Corey and Howard. The trial court granted the motions of Corey and Howard on the ground that the oral agreement was merged in the parties'. subsequent written agreement. Plaintiff only appeals from the judgments in favor of Corey and Howard.

The dispositive issue on appeal is whether the trial court erred in finding a merger. Stated differently, the issue is whether the parties intended a written lease to be a complete integration of their agreement.[1]

Plaintiff testified that on April 27, 1973, he and defendants entered into an oral contract whereby defendants agreed to construct a commercial building for plaintiff and to give plaintiff possession of the building on a leasehold basis on or before June 11, 1973. Plaintiff claims that the agreement was breached when the building was not completed and ready for possession on that date.

On cross-examination of plaintiff, a written lease, signed on November 3, 1973, by plaintiff and defendants, was admitted into evidence without objection.[2] The subject of this lease concerned the same building involved in the alleged April 27, 1973, oral

---

[1] Due to our disposition of this case, it is unnecessary to discuss defendants' second ground for nonsuit which was that the oral lease agreement violated the statute of frauds, ORS 41.580.

[2] Also admitted into evidence at this time was a May 24, 1974, modification of this written lease. The modification provided:

"The lease states that the commencement of the five-year term is not later than March 2, 1974. We now agree that the initial lease period begins May 1, 1974, and continues until April 30, 1979. This letter constitutes an acknowledgment that the building was substantially complete and was accepted May 1, 1974."

agreement. The written lease contained the following provision:

> "The term of this lease shall be for five (5) years, commencing on the first day of the month following the month in which the building is completed and not later than *2* day of *March,* 1974." (Italicized portions handwritten.)

The lease concluded with the statement:

> "There are no agreements between the parties except as stated in this lease. No amendments hereof shall be effective unless in writing, signed by both parties."

The common law parol evidence rule is codified in ORS 41.740:

> "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing. * * *"

As summarized by the Supreme Court in *Hatley v. Stafford,* 284 Or 523, 526-27, 588 P2d 603 (1978):

> "The parol evidence rule applies only to those aspects of a bargain that the parties intend to memorialize in the writing. *Caldwell et ux v. Wells,* 228 Or 389, 395, 365 P2d 505 (1961). The fact that a writing exists does not bring the rule into play if the parties do not intend the writing to embody their final agreement. *National Cash Register Co. v. IMC, Inc.,* 260 Or 504, 491 P2d 211 (1971); *Sternes v. Tucker,* 239 Or 105, 395 P2d 881 (1964); *Bouchet v. Oregon Motor Car Co.,* 78 Or 230, 152 P 888 (1915). Neither does the rule apply when the parties intended the writing to contain only part of their agreement. *Stevens v. Good Samaritan Hosp.,* 264 Or 200, 504 P2d 749 (1972); *Hirsch v. Salem Mills Co.,* 40 Or 601, 67 P 949, *reh. denied* 68 P 733 (1902); *Contract Co. v. Bridge Co.,* 29 Or 549, 46 P 138 (1896). *See also* 3A Corbin on Contracts § 581 (1960)." (Footnote omitted).

■ This case is presented to us in the procedural posture of an involuntary nonsuit; hence, we must

view the evidence in the light most favorable to plaintiff. *Thompson v. Industrial Lumber Co.,* 41 Or App 519, 521, 599 P2d 468, *rev den* 287 Or 508 (1979). Therefore, we review the record to determine whether there is substantial evidence that the oral agreement did not merge in the subsequent written agreement.

*Hatley v. Stafford, supra,* involved a written lease in which defendants agreed to rent plaintiff land for the purpose of growing wheat, conditioned upon their right to buy out plaintiff for $70 per acre. Plaintiff contended that the written lease was not their entire integrated agreement and that the parties had orally limited the buy-out provision to a period of 30 to 60 days after execution of the lease. At trial plaintiff was allowed to introduce parol evidence regarding the oral time limitation on the buy-out provision. The jury held in favor of plaintiff. Defendants appealed, assigning as error the trial court's admission of parol evidence.

In *Hatley,* the Supreme Court reaffirmed its adoption in *Caldwell et ux v. Wells,* 228 Or 389, 365 P2d 505 (1961), of the Restatement of Contracts provision, which states:

" '(1) An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement is not inconsistent with the integrated contract, and

" '(a) is made for separate consideration, or

" '(b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract. 1 Restatement of Contracts 335, § 240 (1932).' " *Hatley v. Stafford, supra* at 528.

The Supreme Court rejected defendants' argument that the oral time limitation was plainly inconsistent with the terms of the written lease, because a buy-out provision with no time limitation in a lease for a fixed term must be interpreted to run for the entire term of the lease. The court stated:

"We do not define the term 'inconsistent' so broadly. To be 'inconsistent' within the meaning of the partial integration doctrine, the oral term must contradict an *express provision* in the writing. As the court observed in *Hunt Foods and Industries, Inc. v. Doliner,* 26 App Div 2d 41, 270 NYS2d 937 (1966):

" 'In a sense any oral provision which would prevent the ripening of the obligations of a writing is inconsistent with the writing. But that obviously is not the sense in which the word is used * * *. To be inconsistent the term must contradict or negate *a term of the writing.* A term or condition which has a lesser effect is provable.' 270 NY2d at 940 (emphasis added). * * *

"In the instant case, nothing is contained in the writing with respect to the duration of the buy-out provision. Therefore, the oral time limitation is 'not inconsistent' with the terms of the writing." *Hatley v. Stafford,* at 533-34.

In applying the second prong of the Restatement test, the Supreme Court found, after considering the surrounding circumstances as well as the written contract, that the trial court did not err in concluding that it was natural for the parties to have omitted the time limitation on the buy-out provision from the written lease.

■ Applying the principles articulated in *Hatley* to the case at bar, it is obvious that the June 11, 1973, date for plaintiff's right to possession of the building is inconsistent with an express term of the written lease. The written lease provides that the lease will commence "on the first day of the month following the month in which the building is completed and not later than" March 2, 1974. It is apparent the parties intended, in their written agreement, that plaintiff would take possession of the building after November 3, 1973, and no later than March 2, 1974. Because the time limitation provided in the oral agreement contradicts an express provision in the written lease agreement, the trial court properly found that the written

agreement is controlling and that all prior oral agreements were superseded. Thus, the trial court properly granted defendants' motion for involuntary nonsuit.

Affirmed.