## SUPREME COURT.

### JAMES BROWN and others agt. P. B. BUCKINGHAM.

A *counter claim* may be pleaded in an action *for the possession of personal property*.

Where the defendant alleged in his answer, as a counter claim, that the sale and delivery of silk by defendant to plaintiffs alleged in this answer, arose out of the contract and transaction set forth in the complaint,

*Held*, that this might be so, but no physical fact capable of being established by evidence, being stated which showed it, and the averment being a mere conclusion of law, it was insufficient to constitute a counter claim.

*New York Special Term, December*, 1860.

The plaintiffs state in their complaint, that they are the

Brown agt. Buckingham.

owners of and entitled to the immediate possession of three hundred and twenty-five pounds of silk, of the value of one thousand dollars, which was delivered to the defendant for the special purpose of being manufactured into sewing or fringe silk, and which has been so manufactured; and which silk the defendant illegally detains, after demand thereof; and they demand judgment for the possession of said silk, or for one thousand dollars, the value thereof, in case it cannot be delivered, and for damages and costs of the action.

The defendant, by answer, denies the plaintiffs' alleged right to the possession of said silk, and claims to have a lien thereon, for the sum of five hundred and sixty-eight dollars and fifty-one cents; and also, by way of counter claim, alleges that in February, 1860, he sold and delivered to the plaintiffs certain silk, for which there remains due to him the sum of four hundred dollars, and avers that such sale and delivery arose out of the contract and transaction set forth in the complaint, as the foundation of the plaintiffs' claim, and is connected with the subject of this action.

To the matter stated in the answer, by way of counter claim, the plaintiffs demur, as not containing facts sufficient to constitute a counter claim.

BLISS & BARLOW, *for plaintiffs.*
H. & C. S. ANDREWS, *for defendant.*

BONNEY, Justice.   The first point made by the plaintiffs on demurrer, is that a counter claim cannot be pleaded in an action for the possession of personal property.

The Code, in general terms, and without limitation as to the nature of the action, provides (§ 149 *and* 150,) that the answer may contain a statement of any new matter constituting a counter claim, which is a cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiffs' claim, or connected with

the subject of the action. This language is sufficiently comprehensive to include the present case, and permits the pleading of a counter claim in this action; and although the action of replevin, or for the possession of personal property, as it is now named, is considered as founded upon *tort*, I can see no good reason for holding that all claims of either of the parties against the other, arising out of the transaction set forth in the complaint, and made the foundation of the plaintiffs' claim therein, cannot be adjusted and determined in one suit of this form of action, as in an action properly and technically on contract. And such I understand to be the effect of the decisions on this subject.

But the plaintiffs insist that this answer does not state facts which show that the alleged counter claim arises out of the transaction set forth in the complaint; and this point, in my opinion, is well taken. The answer does not state that the silk, sold by defendant to plaintiffs, was the same silk of which plaintiffs now seek to recover the possession; or that it was sold or delivered under any contract which included or applied to the silk demanded by plaintiffs; nor set forth any facts connecting in any way the transaction stated in the complaint, with the supposed cause of action stated in the answer. The averment is that the sale and delivery of silk by defendant to plaintiffs alleged in this answer, arose out of the contract and transaction set forth in the complaint. This may be so, but no physical fact, capable of being established by evidence, is stated, which shows it, and the averment is of a conclusion of law. (*Van Schaick* agt. *Winne*, 16 *Barb.*, 89; *Jones* agt. *Phænix Bank*, 4 *Seld.*, 235.)

For this reason judgment must be rendered for plaintiffs on the demurrer, with leave to defendant to amend his answer in twenty days on payment of the costs of the demurrer.