Argued and submitted March 9, 1983, peremptory writ issued May 1, 1984

∘ STATE ex rel NAGEL et al,
*Plaintiffs-Relators,*

*v.*

CROOKHAM,
*Defendant.*

(SC 29207)

680 P2d 652

Charles F. Hinkle, Portland, argued the cause and filed a petition for alternative writ of mandamus for Plaintiffs-Relators. With him on the petition were Stoel, Rives, Boley, Fraser & Wyse, Portland; Fadem, Berger & Norton, Santa Monica, California; and Ball, Janik & Novack, Portland.

Donald R. Stark and Frederic E. Cann, Portland, argued the cause for Defendant. Donald R. Stark, Portland, filed the brief for Defendant. With him on the brief was Williams, Stark, Hiefield and Norville, P.C., Portland.

Before Lent, Chief Justice,* and Peterson,** Campbell, Roberts, Carson and Jones, Justices.

CAMPBELL, J.

---

* Chief Justice when case argued.

** Chief Justice when decision rendered.

## CAMPBELL, J.

■ ■ The single question presented by this mandamus proceeding is whether defendants in a condemnation action may assert a counterclaim. We hold that they may.

The city of Portland brought an action to condemn real property owned by Gordon Nagel, June Nagel and Ruth Heldfond. The property owners filed an answer and counterclaim, alleging that they suffered damages caused by the precondemnation delay of eight years between the time the city adopted the Downtown Waterfront Urban Renewal Plan that affected their land and the filing of this condemnation action. The city moved to strike the counterclaim. Judge Crookham, of the Multnomah County Circuit Court, allowed the motion to strike. Nagels and Heldfond obtained an alternative writ of mandamus.

The narrow issue[1] is whether a condemnee who has a claim for damages against the condemnor arising out of condemnation related activities may bring a claim for damages in the same action or if he must bring a separate action. Defendant judge contends that ORS 35.295 and *State v. Mohler et al.,* 115 Or 562, 237 P 690, 239 P 193 (1925), require a condemnee to bring this sort of claim for damages in a separate action.

ORS 35.295 states:

"The defendant in his answer [to a condemnation complaint] may set forth any legal defense he may have to the condemnation. He shall also allege the true value of the property and the damage, if any, resulting from the appropriation thereof."[2]

---

[1] Defendant judge argues that we must also decide whether a claim that a *de facto* date of taking is earlier than the *de jure* date of taking is an affirmative defense and, assuming that counterclaims are not prohibited, whether injuries suffered by a property owner due to condemnation related precondemnation actions of a condemnor under the "police power" are noncompensable under the state and federal constitutions. We find that the only issue properly before us at this time is whether defendants in a condemnation action may assert a counterclaim.

[2] This statute was part of HB 1456, enacted as Oregon Law 1971, chapter 741, section 13, which was designed to provide uniform condemnation procedures for all corporate bodies and private organizations. Although there was discussion of other parts of the bill in 1971 (and in the previous years when similar bills were introduced) neither party cited any specific discussion regarding section 13, and we were unable to find any.

In *Mohler,* the state, in 1919, filed a complaint for condemnation for land that it was already leasing. The lease terminated and the complaint was dismissed for procedural reasons, but the state remained in possession. The state filed a second condemnation action in 1922. Defendants attempted to counterclaim for damages in trespass. This court affirmed the striking of the counterclaim, stating that Oregon Laws, Section 7101,[3] specifies the defenses available. The court said: "We are concerned with a proceeding in the exercise of the right of eminent domain, and not with an action in ejectment or trespass." 115 Or at 576-77.

Defendant judge relies on the similarity of our present statute to that construed by the court in 1925, and contends that one may never counterclaim for damages in a condemnation action. This, however, is not true. In *La Grande v. Rumelhart et al.,* 118 Or 166, 246 P 707 (1926), this court allowed a counter-claim for damages in a condemnation action, holding that when actual damages can be ascertained and determined at the time of trial, the claim for damages should be allowed in the condemnation action. The basis for this decision was explained by the statement: "The spirit of our Code will be best applied by having all the elements of damage determined in one action." 118 Or at 174-75. The court said it could see no good reason for compelling the person whose land is taken for a public improvement to resort to an independent action to recover damages.

The present case is similar. Actual damages, if any, resulting from the eight year delay can be ascertained and determined in this action to condemn. We can see no good reason to require two trials. This would be a needless expenditure of money and time, with nothing to show for it.

In the five decades since *La Grande,* our procedural rules have become more liberal in an attempt to achieve more

---

[3] OR L § 7101:

"The defendant in his answer may set forth any legal defense he may have to the appropriation of such lands or any portion thereof, and may also allege the true value of the lands and the damage resulting from the appropriation thereof."

efficiency in our judicial system.[4] It would be a step backward for us to read ORS 35.295 so narrowly that a condemnee with a counterclaim would be forced to institute another action to have his claim considered, rather than determining that claim in the condemnation action. We decline to take this step.

Peremptory writ to issue.

---

[4] We note that under ORCP 22A. defendant may set forth as many counterclaims, both legal and equitable, as he may have against a plaintiff (as was true under former ORS 16.305), in contrast to the narrow interpretations of pleadings that prevailed earlier. *See McCargar et al. v. Wiley,* 112 Or 215, 229 P 665 (1924), overruled by *Mack Trucks Inc. v. Taylor,* 227 Or 376, 362 P2d 364 (1961). In *Mack Truck,* this court stated that the purpose of a liberal view of counterclaims "is to permit the expeditious and economical disposition of various claims between the litigants in a single suit, unless the issues are so unrelated that the consolidation of them would unduly complicate the trial." 227 Or at 386-87.